LYONS FERTILIZER COMPANY v. GULF COAST CELERY COMPANY, INC., and GENTILE BROS. COMPANY.

192 So. 162
Special Division B
Opinion Filed November 14, 1939
Rehearing Denied December 5, 1939

*W. W. Whitehurst* and *M. F. Hatcher, Whitfield & Whitfield,* for Appellant;

*Hugh Akerman* and *William H. Dial,* for Appellees.

THOMAS, J.—This case reaches us on an appeal from the order of the chancellor denying a motion to strike portions of the answer of defendant, Gentile Brothers Company, to the second amended bill of complaint.

The complainant's pleading alleges that on September 18, 1935, Gulf Coast Celery Company delivered to it a mortgage, and a crop lien for one year, to secure an indebtedness of about $18,000.00. Default was charged because of the failure of the mortgagor to pay to the mortgagee the proceeds from the sale of crops, said to amount to more than $3,000.00 after deducting the cost of picking and packing.

The defendant corporation, whose answer the court refused to strike, was, according to the bill of complaint, a broker engaged as a representative of growers and shippers of fruit and vegetables in marketing their crops and in that capacity handled the celery grown by Gulf Coast Celery Company on which the crop lien was claimed and did so with notice of the lien then on record. It was agreed between the parties to the mortgage that all data with reference to shipments of produce would be given to the mortgagee by the mortgagor and all net proceeds paid over to reduce the debt. The approximate sum of $5,000.00 is in the hands of Gentile Brothers Company, to which complainant's crop lien attaches.

That part of the answer sought to be stricken admitted receipt of the crop of celery and contained the assertion that checks for more than the net proceeds had been forwarded to the shippers; that the checks were sent, as advances upon celery actually transported, to finance the

harvesting of the crop with the result that there was a balance due Gentile Brothers from the mortgagor.

The defendant, Gentile Brothers, also contended that the complainant was estopped because it did not make any attempt to claim the proceeds of shipments which it knew were being made to points without the State and on the contrary wrote to the answering defendant about the matter stating that the mortgagee did not wish to interfere and did not wish the addressee even to "intimate" to the mortgagor that the letter had been "written to you about these returns."

At this stage of the proceeding the question is purely one of pleading; that is, whether the quoted part of the answer is sufficient to stand as a defense to the bill.

Those parts of the answer under attack seem to be responsive to the bill. Violation of terms of the mortgage consisted, so it was alleged in the bill, of the failure of the mortgagor to pay to the mortgagee the net proceeds from the sale of the crop shipped by it to the defendant, Gentile Brothers. The latter pleaded that an amount in excess of these proceeds had been advanced to the shipper to pay the cost of harvesting. This seems to present an issue properly triable by the chancellor.

In addition the defense was presented that the mortgagee was familiar with the activities of the answering defendant in handling the crop as a broker and made no effort to intercept the proceeds but contrawise wrote the broker with reference to the transaction and asked that the mortgagor be kept in ignorance of the correspondence.

We conclude that questions presented by the answer were relevant to the controversy and that it would have been erroneous to have granted the motion to strike.

The order appealed from is affirmed.

Affirmed.

494

WHITFIELD, P. J., and TERRELL, C. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices CHAPMAN and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.